**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-0865-REB-CBS

SCOTT HILL, as Conservator of the Estate of Katelyn Hill,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
BIFURCATE, AND TO RECONSIDER MOTION FOR
EXTENSION OF TIME, AND MOTION TO VACATE TRIAL**

**Blackburn, J.**

This matter is before me on the following motions: 1) Allstate's motion to bifurcate and reconsider joint motion for extension of time [#142], filed October 7, 2005; and 2) Allstate's motion to vacate trial date [#180], filed December 15, 2005.

## I.  Bifurcation & Discovery Deadlines

Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury.  "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused."  ***Green Const. Co. v. Kansas Power & Light Co.***, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).

I have considered carefully Allstate's proposed bifurcation of the issues for trial. Allstate proposes that the damages issues related to Katelyn Hill be addressed in a second trial, after all other claims and issues have been resolved in a first trial. I conclude that such a bifurcation would not promote expedition and economy to the extent that bifurcation is justified. It would be most expeditious to resolve all of the issues at one trial. In response to Allstate's motion, the plaintiff proposes that the trial be bifurcated to resolve issues surrounding the plaintiff's contract reformation claim in a first trial, and then to resolve all other claims and issues in a second trial. I conclude that such a bifurcation also would not substantially promote expedition and economy.

Allstate asks also that I reconsider the parties' joint motion for extension of time to disclose non-insurance rebuttal experts, to complete expert discovery, and to file Fed.R.Evid. 702 motions. That motion [#136], filed September 30, 2005, was denied without prejudice, and the previously established discovery deadlines remained in effect. The parties have disclosed and deposed various experts, but no motions under Fed. R. Evid. 702 have been filed. There appears to be good reason to accommodate this request as to non-insurance experts, and I provide extended deadlines concerning Allstate's submission of reports by non-insurance experts, and the deposition of non-insurance experts in the orders section below. In addition, I provide an extended deadline for the submission of motions under Fed.R.Evid. 702.

## II.  Motion to Vacate Trial

Allstate asks also that the trial of this case, currently set for March 13, 2006, be vacated and continued. Allstate argues that pending motions to dismiss and for summary judgment, briefing on which was completed recently, may "fundamentally

2

affect the issues to be tried." *Motion to Vacate Trial*, p. 5. If some claims are dismissed based on the motions to dismiss and for summary judgment, the number of claims to be tried would be reduced. Such an event would simplify the trial, but this possibility does not merit a delay of the trial.

Allstate argues also that the trial in a related case pending before this court, **Hill v. Western Door**, No. 04-cv-332-REB-CBS, should be conducted before a trial in this case. According to Allstate, trying the Western Door case first will prevent a possible double recovery by the plaintiff. The Colorado Auto Accident Reparations Act (CAARA), part 7 of article 4 of title 10, C.R.S., provides the statutory scheme which controls many of the claims in this case. As the plaintiff notes, one of the primary purposes of the CAARA is prompt payment to an injured person by an insurance company, even though the injured person later may recover from a tortfeasor who caused the injury. To the extent the plaintiff may recover in **Hill v. Western Door**, Allstate has asserted its claimed rights to a share of any such recovery in another case pending before this court, **Allstate Insurance Co. v. Hill**, 05-cv-1399-REB-BNB. Trying this case first will not permit the plaintiff potentially to achieve a double recovery, but would tend only to delay recovery of insurance benefits claimed by the plaintiff.

Finally, any complications created by Allstate's recent addition of additional claims and an additional party are not a basis to continue the trial of this case. When seeking permission to add these claims and the additional party, Allstate assured Magistrate Judge Shaffer that the addition of Allstate's new claims and party would not conflict with the March 13, 2006, trial date. Now, Allstate seeks to delay the trial so it can conduct discovery related to these claims. I will not permit difficulties presented by

3

these late-filed claims to delay the trial of this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That Allstate's motion to bifurcate [#142], filed October 7, 2005, is **DENIED**;

2. That Allstate's motion to reconsider joint motion for extension of time [#142], filed October 7, 2005, is **GRANTED** in part, as outlined below;

3. That Allstate shall have until **January 20, 2006**, to submit their non-insurance expert reports, which shall conform in form and substance to the requirements of FED. R. CIV. P. 26(a)(2)(A) and (B);

4. That the parties shall have until **February 10, 2006**, to complete non-insurance expert depositions;

5. That the deadline for filing motions under Fed.R.Evid. 702 is extended to **February 24, 2006**;

6. That the deadline for responses to any Fed.R.Evid. 702 motions is **March 6, 2006**;

7. That all motions and responses implicating issues under Fed.R.Evid. 702 shall be marshaled as required in the Trial Preparation Conference Order at page 2 -3, paragraph 1.c and d, [#36], filed July 28, 2004; and

8. That Allstate's motion to vacate trial date and related deadlines [#180], filed December 15, 2005, is **DENIED.**

Dated January 11, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

4